LARA C. DE LEON (SBN 270252)
ldeleon@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
600 Anton Blvd., 11th Floor
Costa Mesa, California 92626
Telephone:  (949) 743-3979
Facsimile:  (949) 743-3934

Attorneys for Defendant
RYDER INTEGRATED LOGISTICS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PRICE,<br><br>                              Plaintiff,<br><br>        vs.<br><br>RYDER INTEGRATED LOGISTICS, INC.; and DOES 1 - 20, inclusive,<br><br>                              Defendants. | Case No.<br>[*Removed from San Joaquin County Superior Court* Case No. STK-CV-UOE-2021-0009077<br><br>**DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, &1446**<br><br>[Filed concurrently with Declaration of Jeffrey Stonick, Declaration of Delores Clark, Civil Case Cover Sheet]<br><br>Complaint filed:  September 27, 2021 |

**TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant RYDER INTEGRATED LOGISTICS, INC ("Ryder" or "Defendant") files this Notice of Removal. This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because of the diversity of citizenship between the parties.

This Court has original jurisdiction over this action under section 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. §§ 1441 and 1446. The following is a short and plain statement of Defendant's grounds for removal:

**I.       PROCEDURAL BACKGROUND**

1.       On or about September 27, 2021, Plaintiff Vincent Price ("Plaintiff") commenced an action against Ryder by filing a Complaint in the Superior Court of the State of California, County of San Joaquin ("State Court"), entitled *Vincent Price v. Ryder Integrated Logistics, Inc., et al.,* Case No. STK-CV-UOE-2021-0009077 (the "State Court Action"). Ryder agreed to waive service, and returned the executed Notice and Acknowledgment of Receipt of Service on November 18, 2021. A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**. A true and correct copy of the executed Notice and Acknowledgment of Receipt of Service is attached hereto as **Exhibit B**.

2.       Plaintiff's Complaint alleges claims against Ryder for: (1) Violation of the California Family Rights Act (CFRA) (Govt. Code § 12945.2); (2) Retaliation in Violation of the California Family Rights Act (CFRA) (Govt. Code § 12945.2); (3) Disability Discrimination (Associational) (Govt. Code § 12940); (4) Failure to Prevent Harassment and Discrimination; and (5) Violation of Labor Code § 1198.5.

3.       On December 17, 2021, Ryder filed its Answer to the Complaint ("Answer") in the State Court, as required by the California Code of Civil Procedure. A true and correct copy of that Answer is attached hereto as **Exhibit C** and is incorporated herein by this reference as if set forth in full.

4.      Pursuant to 28 U.S.C. § 1446(a), the aforementioned exhibits constitute copies of all process, pleadings, and orders on file with the State Court or served upon Ryder in this action.

## II.      TIMELINESS OF REMOVAL

5.      Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be (1) filed within 30 days after the receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action. 28 U.S.C. § 1446(b) and (c); *see also Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

6.      This Notice is timely filed in that (1) it has been filed within 30 days of November 18, 2021, the date service was effectuate on Ryder in this action, and (2) it has been filed within one year of September 27, 2021, the date Plaintiff filed his Complaint with the State Court.

7.      Ryder will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the State Court, as further required by that statute.

## III.      JURISDICTION AND VENUE ARE PROPER

8.      **Basis of Jurisdiction.** The Court has original jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332 (a)-(b).

9.      **Venue.** Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes San Joaquin County, California, where the State Court Action was filed and is pending.

## IV.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

10.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b).  This action involves citizens of different states and complete diversity. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11.     **Plaintiff is a Citizen of California.** For purposes of removal, the citizenship of a natural person is established by his or her domicile. *See* U.S.C. § 1332(a)(1) (an individual is a

3

citizen of the state in which he or she is domiciled); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A natural person is "domiciled" in a location "where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (further providing that "domicile for purposes of diversity is determined as of the time the lawsuit is filed"); *see also State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (domicile is determined based on the totality of circumstances, including a party's current residence, place of employment, and representations in public documents).

12.     In this action, there is no question that Plaintiff is a citizen of California. In his Complaint, Plaintiff alleges that he "was at all times relevant to this action an adult residing in San Joaquin County." (Exhibit A, Complaint at ¶ 1.) According to Ryder's most recent employment records, Plaintiff's last known mailing address was in Tracy, California.  (Declaration of Jeff Stonick ("Stonick Decl."), ¶ 6.) Because there is no evidence to the contrary, Plaintiff is a citizen of the state of California for purposes of this jurisdictional analysis. *See, e.g.*, *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

13.     **Ryder is Not a Citizen of California.** For purposes of establishing diversity, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *United Computer Systems, Inc. v. AT&T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("*Hertz*").  In pertinent part, the *Hertz* Court explained:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve

center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). *Id.; see also 3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018).

14.    Thus, under *Hertz*, the "nerve center" of a corporation is the place in which the corporation's executives and administrative functions are located. *See Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 864-65 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done).

15.    Defendant is not citizen of California. Ryder Integrated Logistics, Inc. is, and was at the time this lawsuit was filed, a Delaware corporation with its corporate headquarters and principal place of business located in Miami, Florida. *See* Declaration of Delores Clark ("Clark Decl.") ¶ 3; Compl. ¶ 2 ("At all relevant times, Defendant Ryder Integrated Logistics, Inc. was and now is a Delaware corporation"). Florida is indisputably Ryder's "nerve center" because it is where the majority of Ryder's executive, operational, and administrative functions are performed. Clark Decl. ¶ 3. Thus, Plaintiff and Defendant are "citizens of different States" under 28 U.S.C. § 1332(a). *See Hertz*, 559 U.S. 77, 92-93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities."); *see also L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011).

16.    **Fictitious "Doe" Defendants are Disregarded.** The Complaint also names as defendants "DOES 1 through 20," which Plaintiff alleges are defendants being sued in their fictitious names and capacities. *See* Exhibit A, Complaint at ¶ 3. Does 1 through 20 are fictitious defendants which are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes. *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of "Doe" defendants in a state court complaint has no effect on removal). Thus, the inclusion of

"Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove this case to federal court.

## V.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.   **The Amount in Controversy Requirement.** The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551 (2014), citing 28 U. S. C. §1446(a). Accordingly, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege that the amount in controversy exceeds $75,000.00. *Id.* (noting that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

*18.*   The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). If a complaint is silent as to the amount in controversy, a defendant can establish the amount by the allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, lost wages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

19.   **Plaintiff's Alleged Damages Exceed $75,000.** Although Plaintiff's Complaint does not state a specific dollar amount of damages that he seeks, Plaintiff alleges claims related to his employment. Specifically, Plaintiff seeks wage loss and economic damages, damages for emotional distress, statutory penalties, punitive damages, prejudgment interest, reasonable attorneys' fees, and costs of suit. *See* Exhibit A, Complaint at p. 8.

20.   Ryder denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Ryder does not waive any defenses that may otherwise be available to it.

Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs.

21.    ***Compensatory Damages.***  Plaintiff was employed by Ryder as a non-exempt, full-time maintenance technician, earning $16.50 per hour. Exhibit A at ¶ 7; Stonick Decl. at ¶ 4. Plaintiff's employment with Ryder was terminated on or about January 22, 2021. *See* Stonick Decl. at ¶ 4; Exhibit A at ¶ 7.  Plaintiff alleges that as a result of Ryder's conduct, he has "suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in the amount according to proof at the time of trial." *See, e.g.,* Exhibit A at ¶ 20; *see also* Exhibit A at ¶¶ 29, 37, 46.  He further alleges that he "will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial."  *See* Exhibit A at ¶ 21.  Accordingly, Plaintiff seeks economic damages from Ryder, which include both back wages and front pay.

22.    Past and future lost wages may be considered when evaluating the amount in controversy for purposes of diversity jurisdiction in a removed case. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *4, n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, **but it may consider both past and future lost wages.**") (emphasis added) (*citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006)). In *Kroske,* the Ninth Circuit affirmed the district court's finding that the amount in controversy for a case removed to federal court would exceed $75,000 where the district court's calculation relied on both past and future wages. *Kroske, supra,* 432 F.3d at 980. Indeed, other district courts in California have "projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met" for cases removed to federal court based on diversity jurisdiction. *Thompson v. Big Lot Stores, Inc.*, 2017 WL 590261, at *3 (E.D. Cal. Feb. 13, 2017) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *2-4 (E.D. Cal Sept. 11, 2013) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *see also James, supra*, at *4

& n.1 (court considered future lost wages in determining the amount in controversy for purposes of removal based on diversity jurisdiction).

23.     There are approximately 35 weeks between Plaintiff's termination (January 22, 2021) the date he filed his Complaint on September 27, 2021.  Assuming 40 hours per week, Plaintiff's potential lost wages from the date of his termination to filing is $23,100.00 ($16.50/hour x 40 hours/week x 35 weeks).  Assuming this case proceeds to trial in July 2023 (20 months after the Complaint was served), and assuming Plaintiff remains without work through the time of trial, he will claim approximately 115 weeks of back wages, which would amount to $75,900.00 ($16.50/hour x 40 hours/week x 113 weeks).  Moreover, this does not include potential future lost wages, which in California, can potentially span a number of years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (upholding an award of front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (awarding a front pay award spanning over a four-year period); *Drzewiecki v. H&R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (where the front pay award totaled 10 years).

24.     ***Emotional Distress Damages.***  Plaintiff also claims that he has suffered emotional distress damages as a result of Ryder's actions. Specifically, He alleges that he "has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial." *See* Exhibit A at ¶ 22; *see also* Exhibit A at ¶¶ 30, 38, 46.  Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1034 (N.D.Cal. 2002); *Richmond v. Allstate, Ins. Co.*, 897 F.Supp. 447, 450 (S.D.Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). While Plaintiff has not quantified his emotional distress damages, when considered with his claims for compensatory damages, even a nominal demand for $25,000 in emotional distress damages would push the total claimed damages in this case beyond the $75,000 threshold.

25.     **Punitive Damages.** Plaintiff also seeks punitive damages in his Complaint. Although California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded pursuant to Cal. Civil Code section 3294, the proper amount of punitive damages under California law is generally based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and Defendant's net worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994) ("*Aucina*").

26.     In *Aucina*, for example, the employer-defendant established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. *Aucina*, 871 F. Supp. at 334. The court noted that "[b]ecause the purpose of punitive damages is to capture a Defendant's attention and deter others from similar conduct," a claim for punitive damages could exceed the jurisdictional threshold amount of $75,000 on its own. *Id.*; *Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award); *Brown vs. LNP Engineering Plastics Inc.*, Cal. Super. Ct for Orange County Case No. 760384, 2 Trials Digest 3d 109 ($667,000 punitive damages award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba hostess & dba Dolly Madison, et al.*, Cal.Super.Ct. for the County of San Francisco Case No. 995728 1 C.E.L.M. 68 (Sept. 2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.*, JVR No. 801112 ($40,000,000 punitive damage award).

27.     **Attorneys' Fees.** Finally, Plaintiff is claiming attorneys' fees in connection with his claims. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002)). *See also*, *Sasso v. Noble Utah Long*

7943641v.1

*Beach, LLC*, 2015 WL 898468, at \*5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at \*5 (C.D.Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250 (quoting *Haase v. Aerodynamics Inc.,* 2009 WL 3368519, at \*5 (E.D.Cal.2009)). Furthermore, courts routinely award attorneys' fees well over $75,000 in cases such as this one. *See e.g.*, *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214 (9th Cir. 2013) (upholding fee award of $697,971.80 in single plaintiff case involving allegations of discrimination and retaliation under California's FEHA).

28.     Based on the foregoing, Ryder plainly has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

## VI.   CONCLUSION

Complete diversity of citizenship exists in as much as Plaintiff is a citizen of California and Ryder is a citizen of Florida. Furthermore, the amount in controversy exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, and 1441, and 1446, and Ryder has properly removed the State Court Action to this Court.

WHEREFORE, Ryder prays that the State Court Action be removed from the Superior Court of California, County of San Joaquin to this Court.

Date:  December 20, 2021          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:    /s/ Lara C. de Leon
       Lara C. de Leon, Esq.
       Attorneys for Defendant
       RYDER INTEGRATED LOGISTICS, INC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
RECEIVED
2021-10-08 09:40:03

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RYDER INTEGRATED LOGISTICS, INC. and DOES 1-20, inclusive

Filed   OCT 0 8 2021
BRANDON E. RILEY, CLERK

By _____
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VINCENT PRICE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

STK-CV-UOE-2021- 9077

San Joaquin County Superior Court, 180 E. Weber Avenue Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Maureen McFadden, 1320 Willow Pass Rd. Suite 600 Concord CA 94520 Ph (925) 204-3907

| DATE: *(Fecha)* OCT 0 8 2021 | BRANDON E. RILEY | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
1320 Willow Pass Rd., Ste. 600
Concord, CA 94520
maureenemcfadden@gmail.com
Ph (925) 204-3907

Attorney for Plaintiff
VINCENT PRICE

Electronically Filed
Superior Court of California
County of San Joaquin
2021-09-27 23:29:01
Clerk: Kristy Kobus

Case Management Conference
04/01/2022 08:45 AM in 10A

STK-CV-UOE-2021-0009077

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| VINCENT PRICE<br><br>                    Plaintiff,<br><br>    v.<br><br>RYDER INTEGRATED LOGISTICS, INC.;<br>and DOES 1-20, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violation of California Family Rights Act (CFRA) (Govt. Code § 12945.2)**<br>2. **Retaliation in Violation of California Family Rights Act (CFRA)  (Govt. Code § 12945.2)**<br>3. **Disability Discrimination (Associational) (Govt. Code § 12940**<br>4. **Failure to Prevent Harassment and Discrimination**<br>5.  **Violation of Labor Code § 1198.5**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Vincent Price alleges:

1.      Plaintiff Vincent Prices was at all times relevant to this action an adult residing in San Joaquin County.

2.      Ryder Integrated Logistics, Inc. is a corporation organized under the laws of Florida, and doing business throughout California.

3.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages and herein alleged were proximately caused by their conduct.

4.      Plaintiff is further informed and believes and thereon alleges that each of the fictitiously named defendants: (a) jointly participated in some fashion in the acts or omissions herein alleged, and are therefore liable for all damages and other remedies sought herein by virtue of such participation; and (b) were the agents, joint venturers, co-partners, co-conspirators, or successors-in-interest to co-defendants who performed the things alleged herein and are therefore liable for the damages sought herein; and (c) acted within the scope of such agency and employment and with the consent and ratification of their co-defendants.

5.      The harm alleged in this complaint occurred in San Joaquin County, California.

6.      Plaintiff filed timely charges of harassment and discrimination based as to the claims alleged herein with the California Department of Fair Employment and Housing (DFEH), naming the defendant in the body of said complaint.  Plaintiff filed this action within one year from the date he received his "right to sue" letters from the DFEH, and has therefore properly exhausted his administrative remedies.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      Plaintiff was employed as a maintenance technician by Ryder Integrated Logistics, Inc. for on or about 4 years, until his unlawful termination on or about January 22, 2021.

8.      Plaintiff's performance was excellent throughout his employment.

9.      In 2020, plaintiff requested protected leave in connection with the serious health condition of his wife.

10.     Plaintiff's supervisor, Jody Minor, had a hostile and unsympathetic reaction to plaintiff's request for time off from work to care for his wife.

11.      When plaintiff returned from leave in November 2020, Minor refused to allow plaintiff to return to his job, and instead assigned and continued to assign plaintiff's job duties to other employees.

12.     Minor also treated plaintiff in a degrading manner.

13.     Minor claimed plaintiff was terminated due to budget cuts, but this is false. There were no budget cuts necessitating plaintiff's termination.

14.     Additionally, at the time of plaintiff's termination Ryder was advertising and hiring for multiple positions plaintiff was qualified to perform.

## FIRST CAUSE OF ACTION

## Violation of California Family Rights Act (CFRA) Govt. Code § 12945.2

### (*Against all Defendants*)

15.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 as if fully set forth herein.

17.      The California Family Rights Act ("CFRA") provides that an employer must reinstate an eligible employee on an approved CFRA leave to said employee's same position, or a comparable position, upon the termination of said employee's leave.

18.     Defendant was and is a covered employer under CFRA, Government Code 18 § 12945.2(c)(2)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved leave for the serious health condition of his spouse,  under Government Code § 12945.2(c)(3)(A).

19.     Defendants violated CFRA by refusing to reinstate Plaintiff to his prior position or a comparable position, and by terminating his employment shortly after he returned to work.

20.      As a direct and proximate result of these defendants' conduct, plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.

21.     As a further direct and proximate result of defendants' conduct, plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

22.      As a further direct and proximate result of defendants' conduct, plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in

amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

23.     In engaging in the conduct alleged herein, these defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to plaintiff. In so acting, these defendants intended to and did vex, injury, and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

24.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code§ 12965(b).

## SECOND CAUSE OF ACTION

### Retaliation in Violation  of California Family Rights Act (CFRA) Govt. Code § 12945.2

#### (*Against all Defendants*)

25.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 24 as if fully set forth herein.

26.     Pursuant to Government Code §12945.2, defendants, their employees and agents, were prohibited from retaliating against Plaintiff for requesting and/or taking time off for statutory family care and medical leave.

27.     After plaintiff returned from a protected leave to care for the serious condition of his wife, defendants provided plaintiff with menial tasks rather than his ordinary job duties, and then terminated him.

28.     The assignment to menial tasks and termination were due to plaintiff's having exercised his rights to leave under CFRA. This was retaliatory and these acts constituted unlawful employment practices in violation of the California Family Rights Act, Government Code §12945.2.

29.     As a proximate result of defendants' wrongful conduct as alleged herein, plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and

other employment benefits, from loss of all other rights and benefits which naturally exist with fair employment, but which were denied him by said defendants, all in an amount to be proven at the time of trial.

30.     As a further proximate result of the wrongful conduct of defendants, plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

31.     In doing the acts herein alleged, defendants acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

32.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

33.     Plaintiff also claims attorneys' fees and costs incurred herein pursuant to Government Code §12965.

### THIRD CAUSE OF ACTION

### Disability Discrimination (Associational) (Govt. Code § 12940)

#### (*Against all Defendants*)

34.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33 as if fully set forth herein.

35.     The conduct alleged above, including refusing to allow plaintiff to return to his job, supplying him only with menial tasks, and terminating him, constituted discrimination against plaintiff, on account of his association with a disabled person(s) and/or a person perceived to be disabled, to wit: plaintiff's wife

36.     This conduct was in violation of the Fair Employment and Housing Act, Government Code §12940(a), which provides: It shall be an unlawful employment practice . . . (a) For an employer, because of the . . . physical disability . . . to bar or to discharge the person

from employment . . . , or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. and Government Code § 12926(m), which provides: . . .[P]hysical disability, . . . includes a perception . . . that the person is associated with a person who has, or is perceived to have, any of those characteristics.

37.     As a proximate result of defendant's wrongful conduct as alleged herein, plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and benefits which naturally exist with fair employment, but which were denied him by defendants, all in an amount to be proven at the time of trial.

38. As a further proximate result of the wrongful conduct of defendants, plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

39. In doing the acts herein alleged, defendants acted intentionally, oppressively, and maliciously toward plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or authorized or ratified such intentional, oppressive and malicious acts, with the intent of depriving plaintiff of property and legal rights and otherwise causing plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage plaintiff, plaintiff therefore requests punitive damages.

40.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

41.     Plaintiff also claims attorneys' fees and costs incurred herein pursuant to Government Code §12965.

### **FOURTH CAUSE OF ACTION**

### **Failure to Prevent Discrimination**

***(Against all Defendants)***

42.     Plaintiff incorporates by reference paragraphs 1-41 above, as though fully set forth herein.

43.     Pursuant to Government Code § 12940(k), it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in the workplace.

44.     Plaintiff's need for leave to care for his wife was known. The retaliatory actions taken against him upon his return to work, were open and engaged in by a supervisor and managing agent of defendant. Plaintiff and other employees complained and/or tried to complain about the improper and discriminatory actions of this supervisor. This was impeded because the company had or claimed to have no HR person at the time.

45.     In failing to properly train and prevent managers from engaging in discrimination and retaliation, and allowing the discriminatory conduct to go unchecked, resulting in plaintiff's termination, defendant violated their obligations under Government Code § 12940(k)

46.     As a direct, legal, and proximate result of the wrongful acts of defendants, and each of them, plaintiff has suffered and continues to suffer damages, including emotional distress, wage loss, and other economic damages.

47.     Defendants' unlawful conduct was engaged in and/or ratified by managing agents, and was willful, malicious, fraudulent, and oppressive, and committed with the wrongful intent to harm plaintiff, in conscious disregard of his rights.  Plaintiff is therefore entitled to recover punitive damages from defendants according to proof at trial.

48.     As a further direct and proximate result of the wrongful acts of defendants described herein, plaintiff has been forced to hire an attorney to prosecute his claims, and has incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such attorneys' fees and costs under Govt. Code § 12965(b).

### **FIFTH CAUSE OF ACTION**

### **Violation of Labor Code § 1198.5**

#### *(Against all Defendants)*

49.     Plaintiff incorporates by reference paragraphs 1-48 above, as though fully set forth herein.

50.     Labor Code § 1198.5(a) provides in part: Every current or former employee, or his or her representative, has a right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

51.     Upon request, copies of personnel records must be provided within 30 days. Labor Code § 1198.5.

52.     Labor Code  § 1198(k) provides: If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.

53.     Plaintiff made a timely and reasonable request to review and receive a copy of his personnel records, but this request was ignored.

54.     Pursuant to Labor Code § 1198, plaintiff is entitled to and seeks: (1) the statutory penalty of $750.00 and (2) injunctive relief against defendant to obtain compliance with § 1198.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

a.     For wage loss and economic damages according to proof;

b.     For damages for emotional distress according to proof;

c.     For statutory penalties and injunctive relief;

d.     For punitive damages in an amount to punish defendants for their wrongful conduct and set an example for others;

e.     For prejudgment interest and interest on the sum of damages awarded to the maximum extent permitted by law;

f.     For reasonable attorneys' fees according to proof;

g.     For costs of suit incurred; and

h.      For such other and further relief as the court deems just and proper

PLAINTIFF DEMANDS A JURY TRIAL.

DATED:  September 24, 2021                    LAW OFFICES OF MAUREEN E. MCFADDEN


                                             By: *Maureen McFadden*
                                                 Maureen E. McFadden

                                             Attorney for Plaintiff
                                             VINCENT PRICE

EXHIBIT B

POS-015

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 203781 | | *FOR COURT USE ONLY* |
| NAME: Maureen McFadden | | |
| FIRM NAME: Law Offices of Maureen E McFadden | | |
| STREET ADDRESS: 1320 Willow Pass Rd. Suite 600 | | |
| CITY: Concord   STATE: CA   ZIP CODE: 94520 | | |
| TELEPHONE NO.: (925) 2043907   FAX NO.: | | |
| E-MAIL ADDRESS: maureenemcfadden@gmail.com | | |
| ATTORNEY FOR *(Name)*: Plaintiff Vincent Price | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

Plaintiff/Petitioner: Vincent Price
Defendant/Respondent: Ryder Integrated Logistics, Inc.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: STK-CV-UOE-2021-0009077 |
|---|---|

TO *(insert name of party being served):* Ryder Integrated Logistics, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/27/2021

Maureen McFadden
(TYPE OR PRINT NAME)

*Maureen McFadden*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
    ADR Packet, Notice of Case Assignment and Notice of Hearing

*(To be completed by recipient):*

Date this form is signed: November 18, 2021

Lara C de Leon, Esq. on behalf of Defendant Ryder Integrated Logistics, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)



(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT C

LARA C. DE LEON (SBN 270252)
ldeleon@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
600 Anton Blvd., 11ᵗʰ Floor
Costa Mesa, California 92626
Telephone:  (949) 743-3979
Facsimile:  (949) 743-3934

Attorneys for Defendant
RYDER INTEGRATED LOGISTICS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| VINCENT PRICE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RYDER INTEGRATED LOGISTICS, INC.; and<br>DOES 1 - 20, inclusive,<br><br>                    Defendants. | Case No. STK-CV-UOE-2021-0009077<br><br>**DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed:  September 27, 2021 |

Defendant RYDER INTEGRATED LOGISTICS, INC. ("Ryder") hereby answers the Complaint ("Complaint") of Plaintiff VINCENT PRICE ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Ryder denies, generally and specifically, each and every allegation contained in the Complaint and further denies, generally and specifically, that Plaintiff has sustained any harm, injury, damage or loss in any amount or manner whatsoever by reason of any act or omission of Ryder, and further denies, generally and specifically, that Plaintiff and/or any other alleged aggrieved employee are entitled to any legal or equitable relief in any amount or manner whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing, Ryder asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and pray for judgment as set forth below. Ryder also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action, as Ryder does not presently know all the facts and circumstances regarding Plaintiff's claims. Discovery is ongoing, therefore Ryder reserves the right to amend this Answer to assert additional defenses as new information becomes available. Without admitting any facts alleged by Plaintiff or assuming any burden of proof that it would not otherwise bear under applicable law, Ryder asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, the Complaint is barred in whole or in part because it fails to state facts sufficient to constitute a cause of action or causes of action against Ryder.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2.     Ryder alleges that Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to mitigate his purported damages, if any, by returning to work with Ryder, finding suitable substitute employment or taking other actions, as required by law.

### THIRD AFFIRMATIVE DEFENSE

### (Outside the Scope of Employment)

3.     Plaintiff's claims are barred because, if the alleged conduct occurred, it occurred outside the normal course and scope of employment of the agents or employees of Ryder, if any, and was not authorized or ratified by Ryder.

### FOURTH AFFIRMATIVE DEFENSE

### (Good Faith/ Privileged Conduct/ Legitimate Business Reason)

4.     Ryder alleges, without admitting that it engaged in or made any of the acts, conduct,

or statements attributed to it in the Complaint, that Ryder's alleged conduct toward Plaintiff was done in good faith, privileged and justified, and based on legitimate, non-discriminatory, non-retaliatory, reasons and business necessities certain of which consisted of, among other lawful actions, routine personnel or management decisions that were undertaken for fair and honest reasons and regulated by good faith under the circumstances then existing.

**FIFTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

5.     Plaintiff's claims are barred in whole or in part because, assuming, *arguendo*, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, even without any said impermissible factor, all employment actions taken still would have been taken due to other legitimate, non-prohibited, and/or independent reason(s). Defendant raises the "mixed-motive" defense.

**SIXTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action)**

6.     Ryder alleges that Plaintiff's purported causes of action, and each of them, are barred as Ryder took all reasonable steps to prevent any alleged discrimination or retaliation once Ryder was made aware of Plaintiff's complaint, if Plaintiff in fact complained. *Wellpoint Health Networks v. Super. Ct.*, 59 Cal. App. 4th 110 (1997).

**SEVENTH AFFIRMATIVE DEFENSE**

**(At-Will Employee)**

7.     As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, the Complaint is barred, in whole or in part, because at all relevant times, Plaintiff's employment was "at will," and he could therefore be terminated with or without notice or cause at any time, pursuant to California Labor Code § 2922.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

8.     Ryder is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Compliant, he or she did so without the knowledge,

3

1   authorization or ratification of Ryder.

2   ## NINTH AFFIRMATIVE DEFENSE

3   ### (Causation)

4        9.     Plaintiff's damages, if any, are the proximate result of independent, intervening, or

5   superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or for

6   whom Ryder was and is not responsible. Therefore, Plaintiff's damages, if any, are unrelated to any

7   conduct on the part of Ryder and the Court must reduce or deny any judgment rendered against

8   Ryder, accordingly.

9   ## TENTH AFFIRMATIVE DEFENSE

10  ### (Civil Code § 1431.2)

11       10.     Ryder alleges that Plaintiff's Complaint and each purported cause of action therein

12  are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury

13  suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities

14  other than Ryder. Accordingly, Ryder is entitled to an allocation of any and all non-economic

15  damages pursuant to Civil Code§ 1431.2.

16  ## ELEVENTH AFFIRMATIVE DEFENSE

17  ### (Good Faith)

18       11.     Plaintiff's claims are barred in whole or in part because at all relevant times Ryder

19  did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the

20  California Labor Code, but rather acted in good faith, had reasonable grounds for believing that they

21  did not violate those provisions, and/or acted based on a good faith dispute as to whether any

22  additional wages were owed.

23  ## TWELFTH AFFIRMATIVE DEFENSE

24  ### (Avoidable Consequences)

25       12.     Plaintiff's claims are barred, in whole or in part, because of his unreasonable failure

26  to avail himself of Ryder's measures to prevent and correct discrimination, harassment and

27  retaliation, the use of which would have prevented the harm Plaintiff alleges that he suffered.

28

7930392v.1

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Double Recovery)**

13.    Ryder alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is seeking multiple penalties or remedies for the same conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Bad Faith and Frivolous Action)**

14.    Ryder alleges that the Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein, Ryder is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure Section 128.7 and/or Government Code section 12965(b).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction/ Failure to Exhaust Administrative Remedies)**

15.    The Complaint and each cause of action alleged therein are barred because this Court lacks subject matter jurisdiction over this Complaint to the extent that Plaintiff failed to timely exhaust his administrative remedies before bringing those claims or filing this lawsuit, as required by law, and/or those causes of action, or some or parts of them, are not within the reasonable scope of any administrative charge allegedly filed by Plaintiff against Ryder.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

16.    The Complaint and each cause of action alleged therein are barred because Plaintiff consented and acquiesced to the alleged acts of which Plaintiff now complains.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

17.    If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Ryder denies, Ryder is entitled to an offset to the extent that Plaintiff received income, benefits, or money from other sources.

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

18. Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Are Unconstitutional)

19. Although Ryder denies committing or having responsibility for any act that could support recovery of punitive damages in this lawsuit, to the extent any such act is found, recovery of punitive damages against Ryder is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment, as well as, numerous provisions of the California Constitution, including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and the Self- Incrimination Clause of Section 15 of Article I.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Corporate Defendant(s))

20. Ryder alleges that Plaintiff is not entitled to recover punitive damages from Ryder for the alleged acts referred to in Plaintiff's Complaint on the grounds that said acts, if any, were performed by an employee or third party of Ryder, and that none of Ryder's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Ryder or its officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Ryder employ said employee or employees with a conscious disregard of the rights or safety of others. Civ. Code § 3294.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

21. Plaintiff is estopped, by reason of Plaintiff's conduct and actions, from asserting the claims alleged in Plaintiff's complaint.

/ / /

/ / /

ANSWER TO COMPLAINT

7930392v.1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

22.     Ryder alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Ryder through discovery.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

23.     Plaintiff's claims are barred, in whole or in part, or in the alternative, Plaintiff's claims for relief, including economic damages, should be denied and/or limited pursuant to the doctrine of "after-acquired evidence" to the extent the doctrine applies in this case

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Reservation of Rights

25.     Ryder presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available, and it reserves the right to assert additional defenses in the event that investigation or discovery indicate that they would be appropriate.

## PRAYER

WHEREFORE, Defendant Ryder Integrated Logistics, Inc. prays that:

1.     Plaintiff takes nothing by his Complaint;

2.     Plaintiff's Complaint be dismissed, in its entirety, with prejudice;

3.     Defendant be awarded judgment in their favor against Plaintiff;

4.     Defendant be awarded attorneys' fees and costs of suit incurred herein; and

1     5.     For such other and further relief as the Court may deem proper.

2

3  Date:                              **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

4                               By:  _____

5                                    Lara C. de Leon, Esq.
                                     Attorneys for Defendant
6                                    RYDER INTEGRATED LOGISTICS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7930392v.1                        ANSWER TO COMPLAINT

**PROOF OF SERVICE**

*Vincent Price v. Ryder Integrated Logistics, Inc., et al.,* Case No. STK-CV-UOE-2021-0009077

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Orange, State of California. I am over the age 18 and not a party to the within entitled action; my business address is CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, CA 90067.

    On **December 17, 2021,** I served the document(s) described as **DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested party(ies) on this action as follows:

Maureen E. McFadden, Esq.          *Attorneys for Plaintiff*
**LAW OFFICES OF MAUREEN E.**    Vincent Price
**MCFADDEN**
1320 Willow Pass Road, Suite 600
Concord, CA 94520
Telephone: (925) 204-3907
E-mail:  maureenemcfadden@gmail.com

**BY REGULAR MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Constangy, Brooks, Smith & Prophete, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the above document(s) to be sent from e-mail address ltoscano@constangy.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **December 17, 2021**, in Los Angeles, California.

_____
Letty Toscano

ANSWER TO COMPLAINT

7930392v.1

1

## PROOF OF SERVICE

2

*Vincent Price v. Ryder Integrated Logistics, Inc., et al.,* Case No. STK-CV-UOE-2021-0009077

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

5

     I am employed in the County of Orange, State of California. I am over the age 18 and not a party to the within entitled action; my business address is CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 600 Anton Blvd., 11th Floor, Costa Mesa, CA 92626.

6

     On **December 20, 2021**, I served the document(s) described as

7

**DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, &1446**

8

9

  on the interested party(ies) on this action as follows:

10

    **SEE ATTACHED SERVICE LIST**

11

**BY REGULAR MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Constangy, Brooks, Smith & Prophete, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

12

13

14

15

16

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the above document(s) to be sent from e-mail address kcostantino@constangy.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

17

18

19

**STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

    Executed on **December 20, 2021**, in Costa Mesa, California.

22

23

_____

24

Katie Costantino

25

26

27

28

NOTICE OF REMOVAL

7943641v.1

1

## SERVICE LIST

2

3   Maureen E. McFadden, Esq.              *Attorneys for Plaintiff*
    **LAW OFFICES OF MAUREEN E.**          Vincent Price
4   **MCFADDEN**
    1320 Willow Pass Road, Suite 600
5   Concord, CA 94520
    Telephone: (925) 204-3907
6   E-mail:  maureenemcfadden@gmail.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28